THOMAS KANE & CO. v. SCHOOL DISTICT No. 112, OF
OSBORNE COUNTY.

No. 163.

SCHOOL DISTRICT—*not bound by contract of officers acting sep-
arately.* The officers of a school district acting separately and
not as a district board, cannot make a contract that will be bind-
ing upon the school district.

Error from Osborne District Court.    Hon. Cyrus
Heren, Judge.    Opinion filed January 4, 1897.    *Af-
firmed.*

On October 25, 1886, a certain contract in writing
was entered into between Thos. Kane & Co., who are
therein referred to as "party of the first part," and
E. R. Hahn, J. H. Murphy, and Wm. R. Ralston,
who are designated "parties of the second part."
By the terms of the contract Kane & Co. sold to Hahn,
Murphy and Ralston certain school furniture at the
agreed price of one hundred dollars.    The furniture
mentioned in this contract was received by School Dis-
trict No. 112 of Osborne County some time in the year
1886, and on December 10 of that year W. R. Ralston

as clerk and J. H. Murphy as director, executed and delivered to Kane & Co. a warrant on the treasurer of the School District for one hundred dollars, payable on or before January 1, 1889, with interest at the rate of eight per cent. per annum from date until paid. On March 1, 1889, a similar warrant was issued by Ralston and Murphy, as clerk and director respectively, on the treasurer of the district for $117, with eight per cent. interest, payable on or before March 1, 1890; and on July 1, 1890, W. S. Mayfield and Murphy, as clerk and director respectively, executed a similar warrant on the treasurer for $130.31, with eight per cent. interest, payable on or before July 1, 1891. Kane & Co., not having received payment for the furniture, brought this action against the School District. The amended petition contained four counts, the first recited the original contract for the purchase of the school furniture, and charged that the same was executed by the School District; that the goods had been delivered thereunder, but that the same had not been paid for, and that the District was indebted to the plaintiff, under that count, in the sum of one hundred dollars and interest from October 10, 1886, at eight per cent. In the other counts a recovery was sought upon the several warrants above mentioned, each count, however, specifying that the warrant therein sued on, represented the original indebtedness in favor of Kane & Co. for the purchase of school furniture, that each was a renewal of the one previously maturing, and was executed in pursuance of an agreement to extend the time of payment of the indebtedness in favor of Kane & Co. The petition closed with a prayer for judgment for $130.31 with interest thereon at eight per cent. from July 1, 1890, the date of the maturity of the warrant executed July 1, 1889, set out in the

fourth count.   The defendant filed a verified answer
containing a general denial of the allegations of the
petition, and also specific denials of the execution by
the School District, of any of the warrants mentioned
in the petition, or that it agreed to pay any sum to,
or that it had had any dealings whatever with, the
plaintiff.   The reply alleged that the School District
had retained and used the furniture in the school
house since soon after the date of the original con-
tract, and had neither paid for nor offered to return
it; that it had ratified the acts of the school district
board and its officers in making the original purchase,
and in the execution of the several warrants, and that
it was therefore estopped from denying its liability to
the plaintiff.   A demurrer to the reply having been
overruled, a trial was had before the court, a jury
having been waived.   The court found that the several
warrants were executed by the clerk and director, but
without any authority therefor from either the dis-
trict board or the School District; that no ratification
of these unauthorized acts of the clerk and director
had been shown; that the consideration for the war-
rants was the previous receipt of certain school furni-
ture in the year 1886, and that the school district had
retained, and had not offered to surrender, the same
to the plaintiff; and that as this action was not com-
menced until August 19, 1892, more than five years
had elapsed since a cause of action would have accrued
upon the original contract of purchase.   On these
findings, the court held that the plaintiff was not
entitled to recover.

*J. K. Mitchell*, and *D. G. Robertson*, for plaintiff in
error.

*Robinson & McBride*, for defendant in error.

Kane v. School District. 263

Jan. 4, 1897.  Opinion.  Clark, J.  C. Div.

Clark, J. It is necessary to consider but one question in this case : Was the cause of action barred by the Statute of Limitations? The original contract was entered into between Kane & Co., and certain individuals who constituted the District Board of School District No. 112. By the terms of this contract these individuals agreed that they would either pay the contract price for the furniture in cash on receipt of goods, or secure such payment by the delivery to Kane & Co. of a legal school warrant due January 1, 1889, bearing eight per cent. interest. They received the furniture and delivered it to the School District in 1886. Neither the parties who purchased it, nor the School District which at the commencement of this action had had the use of it more than five years, had paid for it. There had been neither a partial payment of principal or interest, nor a written promise on the part of the School District to pay it. Nor had there been "a written acknowledgment of an existing liability, debt or claim" in favor of the plaintiff; hence —even had the School District been originally liable for the contract price, or for the value of the property — under the statute, an action could not be maintained on the contract mentioned in the first count. The court upon conflicting evidence found that the district board had not authorized the issuance of any of these warrants, and that neither the board nor School District had ratified the action of the district officers in issuing them.

This court is bound by these findings, and the judgment must be affirmed.